Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| IN RE: LISA N. SPICKERS SEPÚLVEDA **Recurrente** | KLRA202400406 | *REVISIÓN ADMINISTRATIVA* procedente del Junta Examinadora de Peritos Electricistas de Puerto Rico<br><br>SOBRE: Suspensión de Licencia por Incumplimiento con el art. 16, inciso (H) de la Ley 115-1976, según Enmendada |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 29 de agosto de 2024.

El 29 de julio de 2024, la Sra. Lisa N. Spickers Sepúlveda (señora Spickers o recurrida) compareció ante nos mediante un *Recurso de Revisión Judicial* y solicitó la revocación de una *Resolución* que se emitió el 24 de mayo de 2024 y se notificó el 28 de mayo de 2024 por la Junta Examinadora de Peritos Electricistas de Puerto Rico (Junta Examinadora). Mediante el aludido dictamen, la Junta Examinadora suspendió la licencia de perito electricista de la señora Spickers fundamentándose en que no cumplió con la totalidad de las horas requeridas de educación continua para el periodo que culminaba el 31 de diciembre de 2023 según lo exige el Art. 16 inciso (h) de la Ley Núm. 115 de 2 de junio del 1976, según enmendada, también conocida como Ley de la Junta Examinadora de Peritos Electricistas, 20 LPRA sec. 2701 *et seq.* (Ley Núm. 115-1976).

Por los fundamentos que expondremos a continuación, *revocamos* el dictamen recurrido.

Número Identificador

SEN2023 _____

I.

El 15 de marzo de 2024, la presidenta del Colegio de Peritos Electricistas de Puerto Rico (el Colegio) le envió una misiva a la señora Spickers.[1] En esta, en lo pertinente, le informó que el Colegio le había certificado a la Junta Examinadora que esta había incumplido con el requisito de ocho (8) horas de educación continua que exige la Ley Núm. 131 de 28 de junio de 1969, según enmendada, mejor conocida como *Ley del "Colegio de Peritos Electricistas de Puerto Rico"*, 20 LPRA sec. 2011 *et seq.* (Ley Núm. 131-1969). Además, le manifestó que el Colegio publicó en un periódico de circulación general una lista de los peritos electricistas que estaban en incumplimiento con la educación continua y que su nombre se incluyó en esa publicación. En vista de lo antes expuesto, le expresó que de conformidad con el Art. 16 de la Ley Núm. 115-1976, *supra*, se le notificaba que su caso había sido referido a la Junta Examinadora para que iniciara el procedimiento de suspensión/renovación de su licencia.

En respuesta a esta misiva, el 24 de marzo de 2024, la recurrente envió una carta dirigida a la presidenta del Colegio en la cual, en síntesis, desglosó todos los cursos de educación continua en los que había participado.[2] Entre estos, y en lo pertinente a la controversia ante nos, informó que el 24 de mayo de 2023 había tomado un seminario intitulado *Sistemas Solares según el NEC 2017 y sus cambios más significativos 2020 y 2023* y que este contaba con el aval del Colegio. Por último, señaló que, a la fecha del 15 de marzo de 2024, su nombre no había sido publicado en el listado del periódico el cual mencionó la presidenta.

Posteriormente, el 25 de marzo de 2024, la señora Spickers redactó una misiva dirigida a la Junta Examinadora en la cual le

---

[1] Véase, pág. 15 del apéndice del recurso.
[2] Íd., págs. 16-17.

solicitó que le acreditara unos cursos de educación continua de conformidad con la Ley Núm. 115-1976, *supra,* y con lo dispuesto en el Art. 8 (b) del Reglamento Núm. 8476 de la Junta Examinadora de Peritos Electricistas sobre Educación Continua.[3] Además, junto a esta misiva incluyó el certificado del adiestramiento de *Sistemas Solares según el NEC 2017 y sus cambios más significativos 2020 y 2023* en el cual participó el 24 de mayo de 2023.[4] Indicó que este curso tuvo una duración de ocho (8) horas y reiteró que este tenía el aval del Colegio y el Programa de Política Pública Energética del Gobierno de Puerto Rico. Por esta razón, indicó que la imputación de la presidenta del Colegio sobre el incumplimiento con las horas de educación continua del año 2023 era falsa. Añadió que la suspensión de su licencia constituiría un acto injustificado, arbitrario y contrario a la ley.

Cabe precisar que ni el Colegio ni la Junta contestaron estas misivas que envió la recurrente. Sin embargo, el 24 de mayo de 2024, la Junta Examinadora emitió una *Resolución* que se notificó el 28 de mayo de 2024.[5] En primer lugar, puntualizó que ya habían transcurrido los sesenta (60) días que dispone la Ley Núm. 115-1976, *supra,* desde que el Colegio emitió la certificación estableciendo el incumplimiento de la recurrente con las horas de educación continua que exigen las leyes y reglamentos aplicables a su profesión, por lo que procedía tomar una determinación en cuanto a la suspensión de su licencia. Así pues, realizó las siguientes determinaciones de hechos:

1. El 20 de marzo de 2024, el Colegio publicó en un periódico de circulación general un anuncio pagado en el cual listó todos los nombres de los electricistas que no habían tomado las horas crédito de educación continua, según requerido por la Ley 115-1976.

---

[3] Íd., págs. 18-19.
[4] Íd., pág. 25.
[5] Íd., págs. 1-5.

2. El 19 de marzo de 2024 el Colegio le notificó a la Sra. Lisa N. Spickers Sepúlveda mediante correo certificado que su caso fue referido a la Junta para la suspensión de licencia.

3. El 26 de marzo de 2024 el Colegio le "Certificó" a la Junta, la lista de los peritos electricistas que al 31 de diciembre de 2023 no habían cumplido, por uno o más años consecutivos, con el requisito de tomar 8 horas de educación continua, según requerido por la Ley 115-1976.

4. De la notificación enviada a la Junta por parte del Colegio el 26 de marzo de 2024 se Certifica que la Sra. Lisa N. Spickers Sepúlveda se encuentra en incumplimiento con el Artículo 16 inciso (h).

Luego de realizar las determinaciones de hechos antes expuestas, resolvió que la recurrente violentó lo dispuesto en el Art. 16(h) de la Ley Núm. 115-1976, *supra*, al no cumplir con la totalidad de las horas requeridas para la educación continua para el periodo que culminaba el 31 de diciembre de 2023. Así pues, declaró Ha Lugar la suspensión de licencia de la recurrente.

Inconforme con esta determinación, el 17 de junio de 2024, la señora Spickers presentó una *Moción de Reconsideración*.[6] En esta, realizó un breve resumen de los hechos procesales del caso y luego enfatizó que la Junta no había respondido a las cartas que ella le había enviado. Expresó que, debido a ello, la Junta Examinadora se había negado a reconocer no solo su cumplimiento para el año 2023 con las ocho (8) horas de educación continua requeridas, sino también los mecanismos alternos dispuestos en su reglamento de educación continua para los cursos tomados con proveedores no certificados.[7] Indicó que el Art. 22 del Reglamento Núm. 8476 le imponía una obligación a la Junta Examinadora de evaluar todas las solicitudes presentadas y a notificar su determinación cualquiera que fuese.

---

[6] Íd., págs. 7-13.

[7] Cabe precisar que, junto a esta solicitud de reconsideración, la recurrente nuevamente incluyó una copia del certificado del curso de *Sistemas Solares según el NEC 2017 y sus cambios más significativos 2020 y 2023* en el cual participó el 24 de mayo de 2023.

Por otro lado, planteó que, de las determinaciones de hechos que realizó la Junta Examinadora en el dictamen recurrido, se podía colegir que el proceso que se siguió en su contra fue irregular y contrario a lo que dispone el Art. 16(h) de la Ley Núm. 115-1976, *supra.* Específicamente, señaló que el Colegio invirtió el orden del trámite requerido para impartirle validez al proceso. Por las razones antes expuestas concluyó que, de conformidad a la evidencia de cumplimiento sometida y la falta de jurisdicción por incumplimiento con el proceso que dispone el Art.16(h) de la Ley Núm. 115-1976, *supra*, por parte de la Junta Examinadora, no existía fundamento o base racional para sostener la actuación administrativa de suspender su licencia de perito electricista.

La Junta Examinadora nunca se expresó en torno a la solicitud de reconsideración antes expuesta. Así pues, aún inconforme con el dictamen recurrido, el 29 de julio de 2024, la recurrente presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **Erró la Junta Examinadora al adjudicar la suspensión sumaria de la licencia de perito electricista de la recurrente sin poseer jurisdicción para atender el asunto debido al incumplimiento sustancial por parte del Colegio con el proceso consignado en el Artículo 16, inciso (h), de la Ley Núm. 115-1976, como condición indispensable previo al referido del caso a la agencia administrativa.**
>
> **Erró la Junta Examinadora al suspender sumariamente la licencia de perito electricista de la recurrente, sin brindarle la oportunidad de ser oída en algún momento del proceso y presentar prueba a su favor de cumplimiento con el requisito de educación continuada, en violación al debido proceso de ley consagrado en la Constitución de Puerto Rico y la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017.**
>
> **Erró la Junta Examinadora al aplicar el proceso de suspensión sumaria de licencia establecido en el Artículo 16, inciso (h), da la Ley Núm. 115-1976, disposición de Ley inconstitucional que privó a la recurrente de un derecho propietario en violación al debido proceso de ley.**

Atendido el recurso, el 16 de agosto de 2024, emitimos una *Resolución* concediéndole a la Junta Examinadora hasta el 22 de agosto de 2024 para que presentara su alegato en oposición. Vencido el término sin que la Junta Examinadora presentara su oposición, declaramos el presente recurso perfeccionado y estando en posición de resolver, procedemos a así hacerlo.

II.

-A-

La doctrina de revisión judicial nos encomienda "examinar si las decisiones de las agencias administrativas fueron hechas dentro de los poderes delegados y son compatibles con la política pública que las origina". *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018). Al efectuar tal encomienda, debemos "otorgar amplia deferencia a las decisiones de las agencias administrativas". *Graciani Rodríguez v. Garaje Isla Verde,* 202 DPR 117, 126 (2019).

La normativa jurisprudencial ha reiterado que existe en el derecho puertorriqueño una presunción de legalidad y corrección a favor de los procedimientos y decisiones realizadas por las agencias administrativas. *Rolón Martínez v. Caldero López*, supra, pág. 35. Lo anterior responde a la experiencia y pericia que se presume tienen dichos organismos para atender y resolver los asuntos que le han sido delegados. Íd.

Así, el estado de derecho vigente nos impone otorgarle deferencia a la agencia administrativa, siempre que la parte que la impugne no demuestre evidencia suficiente que rebata la presunción de legalidad y corrección. *Graciani Rodríguez v. Garaje Isla Verde,* supra, pág.128. Por lo tanto, **al realizar nuestra función revisora debemos enfocarnos en determinar si la agencia administrativa: (1) erró en aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente; y (3) si lesionó derechos**

**constitucionales fundamentales.** (Énfasis suplido) *Torres Rivera v. Policía de PR*, 196 DPR 606, 627-628 (2016).

De este modo, si al realizar nuestra función revisora no nos encontramos ante alguna de las situaciones previamente mencionadas, tenemos el deber de validar la determinación realizada por la agencia administrativa. Íd. Ello, aun cuando exista más de una interpretación posible en cuanto a los hechos. Íd., pág. 627. Ahora bien, es preciso recordar que las conclusiones de derecho, por el contrario, serán revisables en todos sus aspectos. Sección 4.5 de la Ley Núm. 38-2017, según enmendada, mejor conocida como *Ley de Procedimiento Administrativa Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9675.

-B-

La Ley Núm. 115-1976, *supra*, preceptúa los requisitos para la práctica de la profesión de peritos electricistas en Puerto Rico. Además, dicho estatuto creó la Junta Examinadora y le delegó unos deberes y facultades. Entre estos, se encuentra la facultad para denegar, suspender o revocar licencias. Art. 5(g) de la Ley Núm. 115-1976, 20 LPRA sec. 2705. Particularmente, el Art. 16(h) del referido estatuto, 20 LPRA sec. 2714, dispone lo siguiente en cuanto a la suspensión, revocación o denegación de licencias:

> La Junta podrá denegar la concesión de una licencia y podrá, además, suspender o revocar la concesión de la licencia expedida de acuerdo con esta Ley, previa formulación de cargos, notificación y audiencia, a cualquier persona que:
>
> [...]
>
> (h) No haya tomado los cursos de educación continua que ofrece el Colegio de Peritos Electricistas o las instituciones acreditadas por la Junta Examinadora de Peritos Electricistas. Cuando la suspensión de la licencia proceda en virtud de los incisos (g) y (h) de esta Sección, no se requerirá la previa formulación de cargos y audiencia. En tales casos, se seguirá el siguiente procedimiento:
>
> A más tardar el 30 de abril de cada año, el Colegio de Peritos Electricistas de Puerto Rico referirá a la Junta

Examinadora, una lista con los nombres de todas las personas que no hayan pagado la cuota de colegiación a esa fecha o no hayan cumplido el número de horas de educación continua requerido a esa fecha, para que inicie el correspondiente procedimiento de suspensión de licencia. La certificación del Colegio constituirá suficiente evidencia para que la Junta tome acción sobre la suspensión de licencia, sesenta (60) días a partir de la notificación del procedimiento de suspensión si la persona querellada no acredita haber pagado la colegiación o haber tomado los cursos de educación continua. El Colegio publicará, en un periódico de circulación general diaria, los nombres de las personas que referirá a la Junta Examinadora. Transcurridos quince (15) días a partir de la publicación, les notificará a dichas personas por correo certificado que su caso ha sido referido a la Junta Examinadora para que inicie el correspondiente procedimiento de suspensión de licencia. La Junta Examinadora suministrará al Colegio los nombres de las personas que haya admitido o admita al ejercicio de la profesión de perito electricista. Asimismo, el Colegio informará a la Junta Examinadora del deceso de cualquier perito electricista colegiado, en un término de no más de noventa (90) días, a partir de la notificación de su fallecimiento.

Reinstalación:

Cualquier persona a quien se le haya suspendido la licencia por falta de pago de la cuota de colegiación o por no haber tomado los cursos de Educación Continua podrá solicitar por escrito a la Junta su reinstalación dentro de un año a partir de la cancelación de su licencia, y, además, de acreditar el pago de la colegiación y/o de haber tomado los cursos de Educación Continua. Pagará los derechos que establezca el Departamento de Estado mediante reglamento en virtud de la Ley Núm. 41 de 5 de agosto de 1991. La Junta no podrá reinstalar la licencia a dicha persona por más de una ocasión. Después de transcurrido un año de la suspensión de la licencia no se podrá reinstalar la licencia y el interesado tendrá que solicitar una nueva licencia y someterse al examen de reválida.

### III.

En su primer señalamiento de error, la señora Spickers argumentó que la Junta Examinadora erró al adjudicar la suspensión de su licencia sin tener jurisdicción para atender el asunto ya que el Colegio no cumplió con el proceso consignado en el Art. 16(h) de la Ley Núm. 115-1976, *supra.* En su segundo señalamiento de error, la recurrente sostuvo que la Junta Examinadora erró al suspender su licencia sin brindarle la

oportunidad a ser oída en algún momento del proceso y presentar prueba a su favor relacionada a su cumplimiento con las horas de educación continua. Indicó que ello violó el debido proceso de ley consagrado en la Constitución de Puerto Rico y en la LPAUG. Por último, en su tercer señalamiento de error, planteó que la Junta Examinadora erró al aplicar el proceso de suspensión de licencia que preceptúa el Art. 16(h) de la ley Núm.115-1976, *supra*, ya que, según ella, esta disposición era inconstitucional y la privó de su derecho propietario en violación al debido proceso de ley.

En el dictamen recurrido, la Junta Examinadora fundamentó su decisión de suspender la licencia de la señora Spickers en que esta última violentó el Art. 16(h) de la Ley Núm. 115-1976, *supra*, por no cumplir con la totalidad de las horas requeridas de educación continua para el periodo que culminaba el 31 de diciembre de 2023. Conforme al derecho que antecede, para que proceda la suspensión de licencia de un perito electricista, el Colegio debe seguir un procedimiento que establece el referido artículo. Este procedimiento consiste en que, en primer lugar, el Colegio publique en un periódico de circulación general diario los nombres que referirá a la Junta Examinadora de los peritos electricistas que no han cumplido con las horas requeridas de educación continua. Luego, transcurrido quince (15) días a partir de la publicación, el Colegio les notificará a las personas por correo certificado que su caso ha sido referido a la Junta Examinadora.

A los efectos de referirle a la Junta Examinadora las personas que incumplieron con las horas de educación continua, el Colegio emite una certificación dirigida a estos con una lista de los nombres de las personas que no hayan cumplido con el número de horas requeridas de educación continua. Ello, con el fin de que la Junta Examinadora inicie el correspondiente procedimiento de suspensión de licencia. **Ahora bien, el proceso de suspensión comenzará**

**sesenta (60) días a partir de la notificación del procedimiento de suspensión <u>si la persona no acredita haber tomado los cursos de educación continua.</u>**

En el caso de autos, el **15 de marzo de 2024**, la presidenta del Colegio le envió una misiva a la recurrente mediante la cual le informó que, para esa fecha, el Colegio había publicado en un periódico de circulación general la lista de los peritos electricistas que estaban en incumplimiento con el requisito de educación continua y que esta última aparecía incluida en la lista. Además, le indicó que su caso había sido referido a la Junta Examinadora para que iniciara el proceso de revocación de su licencia. A pesar de que la presidente del Colegio le informó a la señora Spickers que la lista de las personas en incumplimiento con las horas de educación continua había sido publicada en el periódico para la fecha del 15 de marzo de 2024, surge como parte de las determinaciones de hechos que realizó la Junta Examinadora en el dictamen recurrido, que el Colegio publicó la lista el **20 de marzo de 2024**. Además, surge de dichas determinaciones de hechos que se le notificó a la recurrente mediante correo certificado de que su caso fue referido a la Junta Examinadora para la suspensión de licencia el **19 de marzo de 2024**. Sin embargo, cabe preciar que, **la misiva que se le envió a la recurrente tiene fecha del 15 de marzo de 2024 y no del 19 de marzo de 2024.**

Como podemos observar existen unas inconsistencias entre las fechas que refleja la prueba documental y las determinaciones de hechos que realizó la Junta Examinadora. Dicho lo anterior, es evidente que el Colegio incumplió con el procedimiento que establece el Art.16(h) de la Ley Núm. 115-1976, *supra.* Es decir, realizó la notificación a la recurrente sobre el proceso de la suspensión de su licencia previo a que el Colegio publicara la lista en el periódico de circulación general. A pesar de ello, **el 24 de marzo de 2024**, la

señora Spickers emitió una respuesta a la misiva que le envió la presidenta del Colegio. En esta, desglosó todos los cursos de educación continua en los que había participado. Particularmente, y en lo pertinente a la controversia ante nos, informó que el 24 de mayo de 2023, había tomado un seminario intitulado *Sistemas Solares según el NEC 2017 y sus cambios más significativos 2020 y 2023* y que este contaba con el aval del Colegio.

Asimismo, **el 25 de marzo de 2024**, la recurrente le envió una carta a la Junta Examinadora en la cual le solicitó que le acreditara unos cursos de educación continua **e incluyó el certificado del adiestramiento de *Sistemas Solares según el NEC 2017 y sus cambios más significativos 2020 y 2023* en el cual participó <u>el 24 de mayo de 2023</u>.** Indicó que este curso tuvo una duración de ocho (8) horas y **reiteró que este tenía el aval del Colegio** y el Programa de Política Pública Energética del Gobierno de Puerto Rico.

Nótese que la recurrente respondió de inmediato a la notificación de la Junta Examinadora sobre la suspensión de su licencia y presentó prueba documental para acreditar que en efecto había tomado un curso de educación continua de ocho (8) horas en el año 2023 y que este era avalado por el Colegio. **Este certificado obra del expediente ante nuestra consideración.** De igual manera, este fue incluido como parte de la solicitud de reconsideración que presentó la recurrente.

En virtud de lo antes expuesto, es evidente de que la señora Spickers cumplió con acreditar que había cumplido con las ocho (8) horas de educación continua que exige la ley dentro de los sesenta (60) días que establece el Art. 16(h) de la Ley Núm. 115-1976, *supra,* desde que se le notificó del procedimiento de la suspensión de su licencia. **Así pues, la Junta Examinadora fue irrazonable y actuó arbitrariamente al resolver que la recurrente no había cumplido**

**con sus horas de educación continua a la fecha <u>del 31 de diciembre de 2023</u> y, en consecuencia, suspenderle su licencia de perito electricista. Dicho esto, revocamos la determinación de la suspensión de la licencia.** En virtud de lo antes resuelto, no encontramos pertinente discutir los otros señalamientos de error señalados por la recurrente.

IV.

Por los fundamentos antes expuestos, *revocamos* el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones